May it please the Court. Good morning. I'm Hunter Ely, appearing on behalf of Appellant Capital One Auto Finance. Also appearing with me today at council table is my colleague Will Edmondson. If I may, I'd like to reserve four minutes of my time for bravado. Your Honors, this case presents a single, narrow question. Should this Court reverse the district court's remand order, under the local controversy exception to CAFA jurisdiction, when in this case the plaintiff chose not to limit the class definition to California citizens and failed to produce any evidence of citizenship in support of the motion to remand? The answer is unequivocally yes. This Court should reverse. And that answer is firmly rooted in the plain language of the statute, this Court's prior decisions in Serrano, Coleman, and Halpin, as well as in the decisions of three other circuits, many other circuits to our knowledge, to have addressed this issue, all of which lead to the conclusion that a party who seeks to remand under the local controversy exception must do one of two things. Must either cleave the class definition so as to limit it solely to the citizens of the filing state. Where do you get that command, that they have to allege and limit the class? The local exception doesn't require 100 percent. And Your Honor, to answer that question, we look both to the trio of cases coming from this circuit, as well as the other circuits to have addressed this issue, and I'll tick them off one by one. First and foremost, Your Honor, this Court held in the Serrano case that a party who seeks to remand bears the burden to establish one of the exceptions to CAFA jurisdiction. Then, in the Coleman v. Estes case, this Court analyzed the citizenship element of a local controversy exception, and in that case concluded that citizenship requires proof of actual facts under the plain language of the statute. Then, in the HALP decision, which is the third decision from this circuit, the Court reversed the district court's remand order, concluding that the plaintiff in that case failed to plead or prove citizenship. They failed to plead. They've pled. Have they not? We take the allegations of the complaint. They have alleged that the these are people who bought and registered their cars in California. That's correct, Your Honor. And such vague pleading leaves open the possibility that the putative class members are not citizens of the filing state. I'm still looking for the authority that says you have to establish it as a matter of proof. They have alleged facts, which the district court looked at and concluded, as a matter of common sense, that there was sufficient evidence, sufficient allegation, of citizenship of purchase and registration by people who would meet the local controversy exception. Your Honors. You have the ability, or the Court has the ability, does it not, if it's not satisfied to ask for proof? Your Honor, that question is best understood through the lens of the Seventh Circuit's analysis in the Sprint-Nextel case. Well, they came to that conclusion. What they want to do is front load the process with it appears discovery. You have to conduct surveys. You have to do something more than merely allege it. That's their interpretation of it. Your Honor, to put a finer point on the Seventh Circuit's analysis, what that court said was that you either have to plead definitively that the putative class members are citizens of the filing state. That's a choice that the plaintiff has at the inception of the case, to definitively establish that the citizens – I'm sorry, that the two-thirds of the putative class members will be citizens of the filing state. Anything short of that, Your Honor, respectfully, leaves open the question, which is not what the plaintiff had in mind. And so the Seventh Circuit, in analyzing the question, very similar to the one before this Court, concluded that the plaintiff in that case had failed to plead the citizenship requirement and, therefore, was required, in support of the motion to remand, to come forward with evidence of citizenship that established that the plaintiff was a citizen of the filing state. And so the question is, what are the odds that cars purchased in San Diego and registered in California are owned by people who are not citizens of California? Your Honor, that's a question that was – A question of fact. It's a question of fact, which, again – So what are the odds? Your Honor, regrettably, we don't know that in this case. What – I think I would. Your Honor, and I'm not here to – Am I wrong? I'm not here to dispute what might be. Not just might be. I mean, we make factual assessments all the time. The district court makes findings of fact. Based on what we know here, what's the likelihood that fewer than two-thirds of these purchasers who've registered their cars in California upon purchase don't actually live there? I mean, there'll be a few. Some may have moved, certainly. And some may live elsewhere, but have a second home in San Diego. Or some may decide, that's the car I really got to have, although if they're going to take it to Arizona right away, they probably don't register it in California. But there may be some. But realistically, as a factual finding, is there really real reason to suspect that half the people don't actually live in California? Your Honor, again, the answer is we don't know. And there's two points – Ignorance is bliss. There's two points, Your Honor, I would like to make in response to that question. And when you do, could you answer my question about the ability of the court – this is a dozen diversity of citizenship determinations – the court could have required further proof. Could it not? I'll try to address both questions in part. I'll try to keep them both in mind. The first question, as I understand it from the court, is aren't we to just assume that most of the purchasers at issue here that would be class members – No, it's not assume, counsel. I think as Judge Clifton said, and I've been trying to say the same, it's not just assume. It's alleged, and then the district court inferred from the allegations, the probabilities, the like. It's – even under the Seventh Circuit, you know, they would go out and get a representative to sample. It wouldn't prove it 100 percent. Isn't that correct? But it would be evidence from which – More evidence, yes. It would be more evidence. It would be maybe elevate the certitude. But your remedy is to say that they have to limit the class to 100 percent. And that's not what the local controversy exception requires. It doesn't have to be 100 percent. It, by its own definition, could have a third. It might turn out not to be California residents. What it does require, Your Honor, respectfully, is certainty. If Congress had chosen – Certainty? It does require certainty. Most of court decisions go on a preponderance of evidence. We don't get certainty very often. And a fair point, Your Honor. And that is the standard by which the district court would make the determination, were there actual evidence, as this Court and in this Court's words, actual facts to establish citizenship. But there were none. If Congress had intended that the statute require only allegations with some indicia of citizenship, then Congress would have used words more like the words that we find in subsections AA and BB of the same statute, which were at issue in this Court's decision in the Coleman case. This Court drew a distinction between the citizenship element of the local controversy exception and the other subsections and made it clear that that statute, as intended by Congress, requires actual facts to establish citizenship. That same ruling, that same interpretation should be followed in this case as it was in the Haupt decision, admittedly an unpublished decision. But in that case, the Court's language is clear. So you're saying we need some evidence, some facts. But once evidence is submitted, the Court is entitled to apply its usual preponderance of evidence standard to those, to the evidentiary submissions to decide whether or not the standard's been met. That's correct, Your Honor. So we're away from certainty. That's what I'm looking at. We are away from certainty, but we have enough evidence before the Court for the Court to make that determination. And that's what Congress required. That's what the Seventh Circuit required in the Sprint-Nextel decision. And if I may, Your Honor, I just want to spend one brief moment on that, and then I'll turn to the final point. The Sprint-Nextel decision is highly instructive on this issue. In that case, the plaintiff sought to certify a class of Kansas residents with Kansas cell phones, Kansas billing addresses, all of whom had paid a Kansas fee. The district court concluded without any evidence before it that it was more likely than not, more likely than not, that those putative class members would be citizens of Kansas. The Seventh Circuit considered and expressly rejected that analysis, concluding that all in all, and I'm using the Court's words here, all in all, we're inclined to think that two-thirds of the putative class members were Kansas citizens. And then the Court went on to say that that's all guesswork, sensible guesswork. But what happens from there? I mean, my understanding is they went back, they conduct a survey and so forth, which is great as far as people that run public opinion survey companies are concerned. But in the end, what gets accomplished? Did they discover that, oh, my God, even though everything points to Kansas, there were a lot of people not from Kansas? And, Your Honor, respectfully, I know that I've exceeded the time, but I would like a question. I want you to respond, and we have the luxury of having a little more time this morning. So please do respond, and you'll still have a minute or two for rebuttal. There are two points that I'd like to make in response to that observation. Whereas in the Seventh Circuit, the case did go on to proceed with further discovery on the threshold jurisdictional issue. And then ultimately, the Court's correct. It was remanded back to state court approximately eight months later. I want to address this in two parts, if I may. First and foremost, the sensible guesswork rule that's being proposed in this case is flatly unworkable because it fails to give the district courts, even this district court, on remand. The basis or clear guidance on how to handle these citizenship determinations, it leads to greater risk of unpredictable results and outcomes and decisions from the district courts, all of which are fertile ground for more appeals to this Court. And then, importantly, what I ask this Court to take note of and bear in mind as this case moves forward in the federal district court, is that plaintiff in this case has made the affirmative choice at every step of this litigation, the affirmative choice not to limit the class definition to California citizens, not to develop evidence of citizenship, and not to support a motion to remand with evidence. Plaintiff has made those choices. That is tantamount to a waiver of what amounts to a non-jurisdictional exception. So to allow the plaintiff in this case the opportunity to come and another bite at the apple only serves to incentivize future plaintiffs to do the same thing with no fear of consequences. Well, not if you get the opinion from this Court that you're asking for. And sure, it delays the case, but you've delayed the case by trying to remove it to federal court. If you're really concerned about an expeditious resolution, couldn't you have adjudicated the case in state court? Your Honor, we've got good courts. We're happy to let you go there. California does have good courts, Your Honor, but what we've done is we've exercised a right that was conferred by statute. When Congress made the decision to remove the case to federal court, they've exercised their right to apply to the court. You're trying to tell us we should take away the right to go back to the court. They've had one bite. You shouldn't have a second. Why should it be harsher on them than we're harsher on you? Well, it would actually be fair application. When Capital One made the decision to exercise its right to remove the case to the federal court, Capital One was held to very strict procedural grounds. It had a 30-day time limit, or else it was expired and waived. There's a statute that gives them one bite of the apple and no more? There's a statute. Can I point to a rule? There is a statute that would be very strictly and narrowly applied to Capital One were it to take a shot and miss on removal. And is there such a statute in the context you're trying to argue for here? I don't know of it. Respectfully, Your Honor, we would suggest that application of the remand statute under 1447C would be applied in the same context to the plaintiff here. In Serrano, when we remanded, do we say that's it, no more on this subject? In Serrano, what the court said, my recollection, is that there was a discussion about amendment, and that in certain circumstances, a plaintiff may have the opportunity in the federal district court to amend a pleading to conform to the rules of the federal court, which aren't necessarily required in the state court. There was not a discussion, to my recollection, in the Serrano case, of whether there should be an opportunity to conduct threshold jurisdictional discovery. So besides alleging the class by alleging it limited to California, other than that, what would you propose the standard should be, then? The standard as we propose it, as we understand it from this Court's prior rulings and from the other rulings from the three other circuits that I've mentioned, the Fifth, the Seventh, and the Eighth. Just answer the question. Would be, Your Honor, that you must either plead the class narrowly to include only citizens of the filing state. Now you're going to answer my question. Or, Your Honor, you would then have to come forward with evidence in support of a motion to remand to establish that two-thirds of the putative class members are citizens of the filing state. And the evidence would consist of what? Well, there are two circuits that have ruled on that and have discussed that and talked about evidence. You would go with the Seventh Circuit, I take it. Well, I think a combination of those would inform how a plaintiff, under these circumstances, would proceed. But that evidence could consist of voting records. It could consist of census data, I'm sorry, census data and other indicia of both residency and an intent to remain. Okay. Thank you for allowing me to go forward. We'll hear from the Plaintiff Appellee. Good morning, Your Honors. Christopher Barry for the Plaintiff Appellee. Mr. Mondragon. As I prepared for argument, I thought that there were really only three possible outcomes. Don't underestimate us. Being here, I think there's a fourth which might make the most sense. My three possible outcomes were the court, the district judge could make common sense inferences based on the well-pleaded complaint, as the district judge did here to say, people who buy cars in California, who register them in California are more likely than not California citizens. Excuse me, would you address at some point, you had three categories, and the middle category didn't require registration, it was just bought. So I don't know why you, that seems to expand it. We've been using the assumption that they would register, but you did have a category of people who would not. Right, and that class was effectively dismissed from the case. Okay, all right. So that's why it's- So we're looking at bought and registered. Right. Thank you. So then the second option would be to say that, yes, the plaintiff has to present evidence on the citizenship of the class in order to get remand. And then the third would be that you have to present evidence, but you can't take any discovery. But what I've come up with listening this morning to argument is that you give the district judge the discretion, that the district judge looks at the well-pleaded complaint and can make a common-sense inference. But if the district judge thinks that this is the type of class that might not be two-thirds all citizens of the same state, then to allow some level of discovery to make that determination. Because the point of TAPA was to make these determinations in a prompt manner, looking at what's in front of you. And so the district judge should then have the discretion to say, based on this complaint, I think that's sufficient, or I want some evidence on this particular point. Were you in the courtroom for the previous argument? Yes. At one point, you likely heard a discussion with regard to, well, where is it in the record? Where is there evidence? And at one point, the response was, well, the complaint. And it was quickly an acknowledgment, a complaint is not evidence. What evidence is there in the record upon which the district court can base a finding of fact of any kind here? There isn't. Because what we have is a case that's been removed, and you have a certain period of time to file your motion to remand. And so the collection – it's not as if the plaintiff, when they get removed, has the class list from the defendant and can take their survey evidence and present that. I'm not quarreling with you. You haven't had an opportunity to obtain and do what you need to do with the information. But if you're not going to specifically allege a class or to find the class in such a way that makes it inherent that all of them are California citizens, we have a factual determination the district court is called upon to make. And at this point, there are zero facts in the record that would support a finding of facts. Serrano says the burden for this proposition is on you. You can't point to any facts. So how can the district court make what amounts to be a factual determination based on findings contained in a complaint? It sounds like that can never happen. So then there has to be some level of discovery allowed for the plaintiff to file their motion to remand. I'm not quarreling with that alternative. Neither am I. But hear what I mean. What we're on right now, and the law develops, and Serrano comes out, and it seems to say, look, the burden's going to be on, in this case, the plaintiff, the proponent of remanding to state court. District court's called upon to make factual findings. I'm not trying to suggest the district court can't make reasonable inferences. But if there's going to be a factual finding, it seems to me you need evidence. Now, the alternatives, eagerly suggested by the defendants, because they're happy to cut the size of the class down, is to define the class in such a way as that there couldn't be a different result. That option's available to you. I take it you've declined to follow that route. Is there a reason that should affect our decision as to why you've declined to follow that route? I don't think that's a legitimate option. Are you saying you can't do that? Well, if I were to allege my class as California citizens, they can make the same argument, that I didn't present evidence. So even though the conclusion, in order to be in my class, you have to be a California citizen, I still have to present the evidence, because the court still can't jump to that conclusion because it still only has a complaint. Well, perhaps, but not in this particular case. I think they'd be judicially estopped from making that – taking that position. But I hear what you're saying. And then I think it creates further problems down the road, because then if you want to plead a class as citizens of a State, the first argument you're going to get in opposition to class certification is you don't have a – we have individual issues to now ask the over 8,000 people in this particular class whether or not they were citizens, were they residents, they intended to stay, and that all those individual issues will come up such that defining a class as citizens creates issues that's different from defining a class of purchasers who are all protected by California law, regardless of whether or not they're California citizens. I'm not sure that that gives you an individual issue problem any different, but, okay. I'd expect to see the argument, if I could. Well, we see creative arguments from parties on all sides of all cases. Right. So, if the case – So what's wrong with requiring some evidence? I don't think there's necessarily anything wrong with that, but for looking at the real world implications of requiring evidence. And the Sprint case is the perfect example, because in the Sprint case in the Seventh Circuit, the district judge said, I think that looking at the complaint, people with Kansas cell phone numbers are going to be Kansas citizens, and so I'm going to remand the case. And the Seventh Circuit said, sorry, we appreciate that's probably right, but you've got to prove it. And so they spent a year, they did surveys, they got experts, they got depositions, they the people were Kansas residents. So all that happened was a lot of people made a lot of money over a course of a year to get right back to where the district judge was when he looked at the complaint and said, hey, I think people with Kansas cell phone numbers are Kansas citizens. Those people may include plaintiff's attorneys. They may. So the – and then the other part – They're usually on a contingency, aren't they? The other real world practical problem is that I get my case removed and I go to the district judge and I say, I would like the class list. Now in some cases, for example, the dealership in this case, the class would include everybody who bought a car in a certain period of time. And so they could simply give me their records and say, here's all the people who would be in the class. But with a situation like Capital One, where they're buying contracts from car dealers all over the state, and some car dealers engage in the alleged illegal practice and some do not, they then need to review their records. And we have the real world of what happened in this case because class certification had already been filed in the state court when this case was removed. And so they'd gone through their records and it took them several months to identify the 8,000 people plus who would be in the class. And so what you're looking at in the real world is defendants are going to object to having to search their records to find the class members, produce that information to the plaintiff, and then you have the time involved for the plaintiff to go out and conduct their surveys and get their data to show that the people are citizens of the state. And so what you've created is a lengthy, expensive process that is contrary to Tatha's goal of getting jurisdiction issues resolved promptly. And so I appreciate that the court's saying it's a fact and you need to prove it, you need evidence, but the question is in the real world, how are we going to get there such that it is orderly and efficient and not overly expensive? Because as I see it, it looks like a very expensive proposition to prevent judges from reading the complaint and saying that that's sufficient. Or you can just agree to stay in federal court. But if we want to be in federal court, we would have started there. Sure. But you have options. Everybody has options. And that's one of the options that you have. So you could say, well, this forces us into a long, expensive process we shouldn't have to deal with, but there's another door. That's true. We could avoid it and say we'll just stay in federal court. The one issue I would like to address is Capital One's argument that we should not, this court should not send us back to the district judge and let us take discovery because it somehow creates some perverse incentives to plaintiffs to file their motion based on the complaint and then try and get a second shot based on evidence. And I guess my request is if you're going to require evidence, that we be given that opportunity because our motion was based on other district court decisions that said using the complaint is sufficient. And this court can set down a rule that says, plaintiffs moving forward, if you're going to file this motion and you want to meet this exception, you need to present evidence. And district judges, you need to permit the proper scope of jurisdictional discovery to enable the plaintiff to file their motion. But to penalize the plaintiff in this case and not permit him to take discovery would be unfair. As Your Honor pointed out, there's no rule that we shouldn't get a second bite at the apple. If I eat an apple, I eat the whole apple. I do, too. So I don't think that would be a fair resolution. And so if evidence is going to be required, I think the fair resolution is to send us back to the district judge, that we be permitted to take that jurisdictional discovery, and then we file another motion to remand, provided the evidence would support our motion, which I think it will. Which most of us suspect. Most of us suspect it will. I have nothing further unless there are any questions. Thank you. Apparently not. He's been generous. We'll cede you a couple minutes of his time. Your Honors, I know that I've exceeded my time, so thank you for the additional two minutes. I will address only one final point, unless there are any questions. The question is, why isn't he correct that if we were to adopt something like the 7th Circuit rule, that the order would require a discovery so that they can establish the necessary record? Well, the response to that comes in two parts. First, Your Honor, to revisit the point I made earlier, which is that we believe that the affirmative choice is made throughout the pendency of this litigation. Forget that. You've made that argument. I want to know if you've got anything beyond that. Well, I think it's important to revisit that under the scope of this case, Your Honor. And here's why. This case has been pending since December of 2011 for plaintiffs to make the assertion. If the discovery was going on in the state court, what happened at that point? There were over 14 months that this case was pending in state court, and plaintiff did not undertake to develop evidence of the citizenship of the punitive class members. Then, Your Honor, this case was pending for over four months in the federal district court. There was never an attempt by plaintiff to seek leave to conduct any discovery on this jurisdictional threshold issue. Then we move forward. Why would it want to if it didn't think it was necessary? Because that's what the law requires, Your Honor. Well, you're hoping that's what the law requires, but I can't say it's been clearly established in this circuit yet, has it? We think that under the trio of rulings that I've mentioned in connection with the other guidance from the other circuit courts, that it is clear, Your Honor, that actual facts are required to establish citizenship. And merely alleging in a complaint, which is not, as this Court observed, evidence, merely alleging that a car was to be registered as far back as 2007, and that these were purchasers in California, somewhere in California, as far back as 2007, does not satisfy the requirement that these, the two-thirds of the class members, be citizens of the filing state as of January 15, 2013, which is the date on which this case became removable. And therefore, under Section 1332d7 is the relevant date for inquiry. And so I will close, Your Honor, with just this point. This case, these issues, reflect a series of decisions. Congress made a choice to broaden Federal jurisdiction and to have very narrowly construed exceptions to that jurisdiction. Plaintiff made the choice in this case not to develop evidence of citizenship and not to put on any evidence of citizenship in support of remand. And so respectfully, we request that that remand order be reversed with instructions to proceed on the merits. Thank you. We thank both counsel for your helpful arguments. The case just argued is submitted. That concludes this morning's calendar. We're adjourned.
judges: Goodwin, Fisher, Clifton